REQUESTED BY: Senator Patricia S. Morehead State Capitol Lincoln, NE 68509
Dear Senator Morehead:
You have requested an Opinion from our office with regard to the constitutionality of language contained in the second final reading copy of LB 496. Specifically, you have expressed concern over the fact that the proposed rule of the road requiring operators of, and front seat passengers in, motor vehicles to wear safety belts, incorporates a definition of motor vehicle which would apply solely to vehicles sold in the State of Nebraska. Upon examining LB 496, it appears to us that such concern is well founded because in our opinion in its present form LB 496 is constitutionally suspect.
Section one of LB 496 provides in part as follows: As used in sections 1 and 3 to 6 of this act, motor vehicle shall mean a vehicle required by section 39-6,171 to be equipped with safety belts. LB 496 limits the applicability of the safety belt law to motor vehicles sold in the State of Nebraska by incorporating the provisions of Neb.Rev.Stat. § 39-6,171 which require that: [e]very new motor vehicle designated by the manufacturer as 1964 year model or later, except m-o-t-o-r-t-r-u-c-k-s-motorcycles, mopeds, and buses, a-n-d-t-a-x-i-c-a-b-s, sold in this state and operated on any highway, road, or street in this state shall be equipped with two front seat safety belts of a type which has been approved by the Department of Motor Vehicles. LB 496 seeks to protect the health, safety, and welfare of the public on the public highways of this state by requiring that individuals who operate motor vehicles on such highways, and their front seat passengers, wear safety belts. Regulation of the use of public highways is within the police power of the Legislature. Prucha v. Department of Motor Vehicles, 172 Neb. 415,110 N.W.2d 75 (1961). Additionally, "[i]t is competent for the Legislature to classify objects of legislation and if the classification is reasonable and not arbitrary, it is a legitimate exercise of legislative power." City of Scottsbluff v. Tiemann, 185 Neb. 256, 266, 175 N.W.2d 74, 81
(1970).
In State ex rel. Douglas v. Marsh, 207 Neb. 598,300 N.W.2d 181 (1980), the Supreme Court of Nebraska stated that: [w]hile the question of classification is one primarily for the Legislature and in the exercise of this power the Legislature possesses a wide discretion, there must, nevertheless, be some rational basis for the classification.207 Neb. at 607, 300 N.W.2d at 186. In Marsh, supra, the Supreme Court of Nebraska further stated that: [a] legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. Classifications for the purpose of legislation must be real and not illusive; they cannot be based on distinctions without a substantial difference. 207 Neb. at 609, 300 N.W.2d at 187
(emphasis in original).
No real difference exists between motor vehicles sold in Nebraska and those sold elsewhere, for purposes of implementing mandatory safety belt legislation. If the true purpose of the safety belt law, LB 496, is to protect the health, safety, and welfare of members of the public as they travel on the highways of this state, the classification of motor vehicles sold in this state, as distinguished from motor vehicles sold elsewhere, for purposes of the mandatory safety belt legislation, is unreasonable, arbitrary, and unrelated to the public interest. Application of the safety belt law solely to vehicles sold in the State of Nebraska creates a classification which is not rationally related to the purpose of LB 496, and would, therefore, be constitutionally suspect.
Sincerely,
ROBERT M. SPIRE Attorney General
Jill Gradwohl Assistant Attorney General